UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ROBERT MCKINLEY WINSTON,
            *Defendant-Appellant.*

No. 02-4939

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-01-79)

Submitted: May 29, 2003

Decided: June 16, 2003

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Francis M. Lawrence, ST. JOHN, BOWLING & LAWRENCE, L.L.P., Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert McKinley Winston appeals his conviction and sentence for unlawful possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). Finding no reversible error, we affirm.

Winston first argues that the district court used an improper method in selecting the jury venire. He asserts that the use of voter registration records to select potential jurors violates his right to a jury that represents a fair cross section of the community, and that use of driver's license records is constitutionally required where those records are readily available. As Winston acknowledges, this court has upheld the use of voter registration lists for preparing a master venire list. *United States v. Lewis*, 10 F.3d 1086, 1089-90 (4th Cir. 1993); *United States v. Cecil*, 836 F.2d 1431, 1444-55 (4th Cir. 1988) (en banc). Winston urges that we revisit these decisions, however a panel of this court may not overrule a prior published decision of the court. *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999).

Winston next argues that the district court erred in admitting the testimony of an agent of the Bureau of Alcohol, Tobacco, and Firearms regarding the place of manufacture of the two firearms charged in the indictment. He asserts the testimony was inadmissible hearsay that was not supported by an adequate foundation. We review a district court's decision to admit expert testimony for an abuse of discretion. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Our review of the agent's testimony convinces us that the agent's expertise was adequately established, and that the agent's conclusions regarding the place of manufacture of the firearms were not hearsay. *See United States v. Simmons*, 773 F.2d 1455, 1461 (4th Cir. 1985). Thus, the district court did not abuse its discretion in admitting the agent's testimony.

Winston next argues that the district court abused its discretion in denying his motion for a downward departure at sentencing. Because the record demonstrates that the district court recognized its authority to depart downward, but concluded that the evidence did not justify

such a departure, its decision denying a downward departure is not subject to review by this court. *United States v. Carr*, 271 F.3d 172, 176-77 (4th Cir. 2001).

Winston's final argument on appeal is that the district court erred in granting the Government's motion for an upward departure from the Guideline\* range. Winston asserts that the district court failed to make an adequate inquiry into the facts of two convictions that were too old to count in Winston's criminal history calculation, and failed to make factual findings to support its conclusion that these convictions were serious offenses that supported an upward departure. We review a district court's decision to depart from the Guideline range for an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996). A sentencing court is encouraged to depart upward when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes. *See* USSG § 4A1.3, p.s. In determining whether a defendant's criminal history is underrepresented, a court may consider an outdated conviction that was not taken into account in calculating the criminal history score, but only if the outdated conviction involves similar, or serious dissimilar, criminal conduct. *See* USSG § 4A1.2, comment. (n.8); *United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992).

In this case, the district court specifically accepted the presentence report and stated that it was relying on the report in its sentencing determinations. The report described a total of seven prior convictions that included the crimes of rape and robbery, that were too remote to be included in the computation of Winston's criminal history. Our review of the record leads us to conclude that the district court properly explained its determination that Winston's criminal history category determined in accordance with the Sentencing Guidelines underrepresented his criminal conduct. Moreover, we agree that the outdated convictions involved serious dissimilar criminal conduct that justified an upward departure. The district court therefore did not abuse its discretion in departing upward.

---

\**U.S. Sentencing Guidelines Manual* (USSG) (2001).

Accordingly, we affirm Winston's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*