**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5093**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY RANIER HUTCHINSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Matthew J. Perry, Jr., Senior
District Judge. (CR-04-358)

Submitted:  August 31, 2005          Decided:  September 28, 2005

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Shadd, III, JOHNSON, TOAL & BATTISTE, P.A., Columbia, South
Carolina, for Appellant.  Jonathan S. Gasser, Acting United States
Attorney, Christopher Todd Hagins, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Anthony Ranier Hutchinson pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000).  Hutchinson argues on appeal that the district court erred in sentencing him to 180 months imprisonment as an armed career criminal,[*] 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), because he did not have the requisite number of prior convictions for a "violent felony."  In so asserting, he argues that his convictions for common law robbery and breaking and entering under North Carolina law were not violent felonies under § 924(e)(2), and that his convictions for two counts each of robbery with a dangerous weapon and kidnaping should be treated as only one predicate offense.  Finding no reversible error, we affirm.

A "violent felony" is a "crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.A. § 924(e)(2); see United States v. Letterlough, 63 F.3d 332 (4th Cir. 1995).

---

[*]A fifteen-year minimum sentence applies to armed career criminals.  18 U.S.C.A. § 924(e)(1).  A person is an armed career criminal if he had three previous convictions for a violent felony or a serious drug offense or both, committed on occasions different from one another.  Id.

- 2 -

Hutchinson first argues that his conviction of common law robbery was not a violent felony. In determining whether a conviction is for a violent felony, the courts look to the offense of conviction and the statutory definition and not the underlying conduct. United States v. Coleman, 158 F.3d 199, 201-02 (4th Cir. 1998). North Carolina defines common law robbery as the felonious nonconsensual taking of personal property or money from the person or presence of another by means of force or placing in fear. North Carolina v. Delk, 604 S.E.2d 368 (N.C. App. 2004). Hutchinson argues that, because the elements of the crime did not involve the use, attempted use, or threatened use of physical force, as required under § 924(e)(2), this prior felony offense was not a predicate violent felony conviction under the armed career criminal provision. We have found that Virginia's nearly-identical definition of "robbery" qualifies as a violent felony. United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995) (holding that conviction under the Virginia robbery statute constituted a violent felony conviction under § 924(e)(2), even though definition did not include "physical" as a qualifier to force or violence); see North Carolina v. Herring, 370 S.E.2d 363, 368 (N.C. 1988) ("[C]ommon law robbery plainly, 'has as an element the use, attempted use or threatened use of physical force against the person of another.'") (citations omitted); United States v. Bowden, 975 F.2d 1080, 1082 (4th Cir. 1992) (noting that parties stipulated that North Carolina

conviction for common law robbery was a violent offense under § 924(e)). Accordingly, we agree that Hutchinson's common law robbery conviction qualifies as a violent felony under § 924(e)(1).

Hutchinson also argues that the district court erred in finding that his North Carolina conviction for breaking and entering qualified as generic burglary under § 924(e)(2), because it allows for a conviction for breaking or entering a building. We addressed this issue in Bowden and concluded that the argument was unavailing. Bowden, 975 F.2d at 1084-85; see Taylor v. United States, 495 U.S. 575, 598-99 (1990).

Hutchinson's final argument is that his convictions for two counts of kidnaping and two counts of robbery with a dangerous weapon should count as only one, rather than two or more violent felony convictions, because the offense conduct resulting in the four convictions occurred on the same occasion. We need not resolve this issue because, even assuming Hutchinson is correct, he has the requisite three qualifying prior convictions for armed career criminal status: (1) common law robbery, (2) breaking and entering, and (3) kidnaping and robbery with a dangerous weapon.

Because Hutchinson had "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," he was properly found to be an armed career criminal. See 18 U.S.C.A. § 924(e)(1). Accordingly, we affirm Hutchinson's 180-month sentence. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED