**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-7252

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ROBERT MCKINLEY WINSTON,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:01-cr-00079-NKM-RSB-1; 3:16-cv-81187-NKM)

Argued:  October 27, 2016                          Decided:  March 13, 2017

Before SHEDD and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by published opinion.  Judge Keenan wrote the opinion, in which Judge Shedd and Senior Judge Davis joined.

**ARGUED:** Lisa M. Lorish, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.  **ON BRIEF:** Larry W. Shelton, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

Robert Winston was convicted in 2002 on a federal firearm charge and was sentenced to serve a term of 275 months' imprisonment. His sentence included an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based in part on his prior conviction for the Virginia crime of common law robbery (Virginia common law robbery) as a qualifying predicate "violent felony." Winston filed a motion under 28 U.S.C. § 2255 for post-conviction relief, contending that his robbery conviction no longer qualified as a predicate offense under the ACCA after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), which invalidated a portion of the ACCA's definition of "violent felony."

The district court denied Winston's motion, concluding that Virginia common law robbery continues to qualify as a violent felony because the crime has as an element the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The court also rejected the government's argument that Winston was barred from obtaining post-conviction relief on procedural grounds.

Upon our review, we agree with the district court's rejection of the government's procedural arguments, because Winston sufficiently has shown that he relied on a new rule of constitutional law. However, we disagree with the district court's substantive conclusion and hold that Winston's conviction for Virginia common law robbery does not constitute a violent felony under the ACCA, because the full range of conduct covered by the Virginia crime does not necessarily include the use of "force capable of causing physical pain or injury to another person." *See Johnson v. United States*, 559

2

U.S. 133, 140 (2010) (*Johnson I*). We therefore vacate the judgment of the district court, and remand the case for further proceedings.

I.

In 2002, Winston was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In determining Winston's sentence, the district court concluded that Winston qualified as an armed career criminal under the ACCA, 18 U.S.C. § 924(e), which mandates a fifteen-year minimum sentence for defendants convicted of a firearm offense who have three or more prior convictions for violent felonies or serious drug offenses. Without these predicate convictions, Winston would not have qualified as an armed career criminal and would have been subject to a ten-year maximum sentence. *See* 18 U.S.C. 924(a)(2).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another (the force clause); or

> (ii) is burglary, arson, or extortion, involves use of explosives (enumerated crimes clause), or otherwise involves conduct that presents a serious potential risk of physical injury to another (residual clause).

*Id*. § 924(e)(2)(B) (naming conventions added). Winston's relevant prior convictions, as set forth by the probation officer in Winston's presentence report, included (1) rape in violation of the Uniform Code of Military Justice (UCMJ), (2) robbery in violation of

Virginia law,[1] (3) possession of cocaine with the intent to distribute in violation of Virginia law, and (4) distribution of cocaine base in violation of federal law. Based on these convictions, the probation officer recommended that the court sentence Winston as an armed career criminal, with a guideline range of between 210 and 262 months in prison.

Winston challenged his armed career criminal designation, but the district court overruled Winston's objection. The court adopted the recommendations in the presentence report, and departed upward from the guideline range to impose a sentence of 275 months' imprisonment. In 2003, this Court affirmed Winston's conviction and sentence. *United States v. Winston*, 68 F. App'x 412 (4th Cir. 2003) (unpublished).

On June 26, 2015, the Supreme Court in *Johnson II* held that the ACCA's residual clause is unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2555-57. The Court held that the residual clause did not articulate clearly how to evaluate the risks of injury posed by a crime, depriving defendants of fair notice regarding their potential sentence and inviting "arbitrary enforcement by judges." *Id.* at 2557. The Court further clarified that even though the residual clause is void, the force clause and the enumerated crimes clause remained valid as defining the scope of a predicate violent felony. *Id.* at 2563. The Supreme Court later held that its decision in *Johnson II* had announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136

---

[1] Under Virginia Code § 18.2-58, the Virginia common law robbery is punishable by imprisonment for a term greater than one year.

4

S. Ct. 1257, 1264–65 (2016) (applying the framework in *Teague v. Lane*, 489 U.S. 288 (1989), for determining whether a new rule applies on collateral review).

Relying on *Johnson II*, Winston filed a motion under 28 U.S.C. § 2255 asking the district court to vacate his ACCA-enhanced sentence and to order his immediate release from incarceration, because he already had served more than the 10-year maximum sentence otherwise applicable to his conviction.[2]  Winston asserted that his prior convictions of rape under the UCMJ and Virginia common law robbery, which both qualified as violent felonies under the now-void residual clause, do not otherwise qualify as predicate offenses under the ACCA's force clause.[3]

The government disagreed with Winston's substantive argument, but also requested that the district court dismiss Winston's § 2255 motion on procedural grounds. The government asserted that because Winston failed to show that the sentencing court relied exclusively on the now-void residual clause in sentencing him under the ACCA, he was not entitled to post-conviction relief.

The district court first rejected the government's procedural argument, concluding that the merits of Winston's claim "should be decided."  With respect to the substantive claim, the court determined that Virginia common law robbery qualifies as a violent felony under the ACCA force clause, because the offense "has as an element the use,

---

[2] We observe that Winston filed his motion within one year of the Supreme Court's decision in *Johnson II*, in accordance with the statute of limitations set forth in 28 U.S.C. § 2255(f)(3).

[3] Because neither robbery nor rape is listed as an enumerated violent felony in the ACCA, we do not address that clause in this decision.  *See* 18 U.S.C. § 924(e)(2)(B)(ii).

attempted use, or threatened use of physical force against the person of another." The court therefore held that Winston properly was sentenced as an armed career criminal because he had at least three predicate offenses, namely, the violent felony of Virginia common law robbery and two undisputed serious drug offenses. Accordingly, the district court did not address whether Winston's rape conviction continued to qualify as a violent felony.

One week after the district court entered its judgment, we issued our decision in *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), and held that the North Carolina crime of common law robbery (North Carolina common law robbery) does not qualify as a violent felony. In light of our decision in *Gardner*, the district court reconsidered its decision but did not alter its conclusion that Virginia common law robbery qualifies as a violent felony for purposes of the ACCA enhancement. The district court nevertheless issued Winston a certificate of appealability to this Court in accordance with 28 U.S.C. § 2253(c), because "reasonable jurists could debate" the "constitutionality of [Winston's] ACCA-enhanced sentence." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After Winston filed his appellate brief in this Court, the parties discovered that Winston previously had filed a motion for relief under 28 U.S.C. § 2255 and that, therefore, the district court had lacked jurisdiction to consider Winston's successive § 2255 motion without authorization from this Court under 28 U.S.C. § 2255(h). Upon Winston's motion, we dismissed his appeal, construed his notice of appeal as a request to file a successive § 2255 motion, and granted that request. *See In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016) (citing 28 U.S.C. §§ 2255(h) and 2244(b)(3)(C), and explaining

6

that a petitioner may gain permission to file a successive § 2255 motion by making a prima facie showing that he presents a claim relying on a new rule of constitutional law).

Accordingly, Winston filed a successive § 2255 motion in the district court. The court adopted its prior decision and once again issued a certificate of appealability. Winston timely filed this appeal.

## II.

## A.

We first address the government's contention that the district court should have dismissed Winston's appeal on procedural grounds. The government contends that post-conviction relief under 28 U.S.C. § 2255 is unavailable to Winston because he does not rely on a new rule of constitutional law, as required by 28 U.S.C. §§ 2244(b)(4) and 2244(b)(2)(A). According to the government, because the record does not establish that the sentencing court relied on the residual clause to conclude that the Virginia common law robbery conviction qualified as a violent felony, Winston is barred from claiming reliance on the Court's holding in *Johnson II* that the residual clause is unconstitutional. We disagree with the government's position.

Under 28 U.S.C. § 2244(b)(4), a district court "shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements" elsewhere found in § 2244. Under 28 U.S.C. § 2244(b)(2)(A), a movant must show that his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

7

Supreme Court, that was previously unavailable." *See Hubbard*, 825 F.3d at 229 n.1 (explaining that even though a motion is filed under 28 U.S.C. § 2255, "that provision incorporates by reference the factors listed in [28 U.S.C.] § 2244").

We agree with the district court's conclusion that Winston's claim for post-conviction relief "relied on," at least in part, the new rule of constitutional law announced in *Johnson II*.[4] Although the record does not establish that the residual clause served as the basis for concluding that Winston's prior convictions for rape and robbery qualified as violent felonies, "[n]othing in the law requires a [court] to specify which clause . . . it relied upon in imposing a sentence." *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016). We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony. Thus, imposing the burden on movants urged by the government in the present case would result in "selective application" of the new rule of constitutional law announced in *Johnson II*, violating "the principle of treating similarly situated defendants the same." *Id.* at 1341 (quoting *Teague*, 489 U.S. at 304).

---

[4] Like the district court, we reject the government's various related procedural arguments. Although Winston's claim depends on the interplay between *Johnson II*, permitting post-conviction review of the ACCA-enhanced sentence, and *Johnson I*, defining the scope of the force clause, Winston nonetheless relied to a sufficient degree on *Johnson II* to permit our present review of his claim. Any argument that Winston's claim did not "rely on" *Johnson II*, because that claim would not be successful, does not present a procedural bar. Instead, that issue presents the substantive argument whether, even after receiving the benefit of *Johnson II*, the defendant still is not entitled to relief, because his conviction nonetheless falls within the force clause.

We therefore hold that when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson II*, the inmate has shown that he "relies on" a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A). This is true regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence. *Chance*, 831 F.3d at 1340.

B.

We now turn to consider the merits of Winston's appeal. He contends that the district court erred in concluding that Virginia common law robbery qualifies as a violent felony under the ACCA's force clause. Winston argues that because the crime can be committed by taking property from a person by a degree of force that includes only "slight force," or by means of intimidation that does not require a threat to use physical force, Virginia common law robbery does not have as an element "the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i). In support of his argument, Winston cites as persuasive authority our recent decision in *United States v. Gardner*, 823 F.3d 793, 803-04 (4th Cir. 2016), in which we held that North Carolina common law robbery, which can be committed either by violence or by instilling fear in the victim, was not a violent felony under the ACCA's force clause.

In response, the government asserts that we are bound by our prior decision in *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995), in which we held over twenty years ago that Virginia common law robbery qualifies as a violent felony under the

9

ACCA's force clause. Alternatively, the government maintains that even if *Presley* no longer is binding precedent, the crime of Virginia common law robbery requires that a defendant use enough force to overcome the resistance of the victim. According to the government, such level of force necessarily satisfies the force clause, thereby qualifying Virginia robbery as a violent felony for purposes of the ACCA. We disagree with the government's arguments.

We review de novo the question whether a defendant's prior conviction qualifies as a predicate felony under the ACCA. *See Gardner*, 823 F.3d at 801. This inquiry typically requires application of the categorical approach described by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013).[5] *See Gardner*, 823 F.3d at 802. Under this approach, we determine whether a particular state crime has as an element the "use, attempted use, or threatened use of physical force against the person of another." *Id.* at 803 (citing 18 U.S.C. § 924(e)(2)(B)(i)).

Virginia common law robbery is defined under the common law as the "taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Pierce v. Commonwealth*, 138 S.E.2d 28, 31 (Va. 1964). In our decision in *Presley*, employing the categorical approach, we concluded that Virginia common law robbery qualified as a violent felony

---

[5] The categorical approach applies only to "indivisible statutes." *Descamps*, 133 S. Ct. at 2285, 2290. Under *Descamps*, a statute is divisible only if it "comprises multiple, alternative versions of the crime" by "list[ing] multiple, alternative elements." *Id*. at 2284-85. We agree with the parties' position that Virginia common law robbery is an indivisible offense with alternative means of commission, namely, by violence or by intimidation.

predicate under the force clause of the ACCA. *Presley*, 52 F.3d at 69; *see United States v. McQueen*, 445 F.3d 757, 762 (4th Cir. 2006) (citing *Presley*). That holding, however, is no longer binding because it has been undermined by later Supreme Court precedent. *See United States v. Williams*, 155 F.3d 418, 421 (4th Cir. 1998) (explaining that a panel decision is not binding when the holding is "clearly undermined by [] more recent Supreme Court decisions").

The Supreme Court issued its opinion in *Johnson I*, fifteen years after we decided *Presley*. The Court held that a Florida statute prohibiting battery, which was satisfied "by any intentional physical contact, no matter how slight," did not qualify under the force clause as having "as an element the use . . . of physical force against the person of another." 559 U.S. at 136-38 (emphasis, internal quotation marks, and citation omitted). In reaching this conclusion, the Court defined "physical force" as "violent force . . . capable of causing physical pain or injury to another person." *Id.* at 140 (emphasis omitted).

The Supreme Court's holding in *Johnson I* settled competing views of federal courts regarding the amount of force required to qualify as the use or threatened use of "physical force" under the ACCA's force clause. *See generally United States v. White*, 606 F.3d 144, 149-51 (4th Cir. 2010) (collecting cases). Indeed, after *Johnson I*, certain crimes that courts previously had determined were violent felonies no longer met the newly defined requirements of the force clause as felonies necessarily entailing the use of "violent force" capable of causing pain or injury. *Compare Gardner*, 823 F.3d at 797 (North Carolina robbery is not a violent felony), *with United States v. Hutchinson*, No.

11

04-5093, 149 F. App'x. 214, 216 (4th Cir. 2005) (North Carolina robbery is a violent felony); *see also United States v. Eason*, 829 F.3d 633, 641-42 (8th Cir. 2016) (explaining that after *Johnson I* Arkansas robbery does not qualify as a violent felony under the force clause, contrary to the court's prior conclusion).

Additionally, in *Johnson I*, the Supreme Court made clear that a federal court applying the categorical approach to a state offense is bound by the interpretation of such offense articulated by that state's courts. 559 U.S. at 138; *United States v. Aparicio-Soria*, 740 F.3d 152, 154-55 (4th Cir. 2014) (en banc) (citing *Johnson I*); *United States v. Holloway*, 630 F.3d 252, 259-60 (1st Cir. 2011) (explaining that the court's prior decision failed to defer to the state courts' interpretation of Massachusetts battery in accordance with *Johnson I*). Supreme Court decisions issued after *Presley* also have instructed that we must focus on the "minimum conduct criminalized" by state law, including any conduct giving rise to a "realistic probability, not a theoretical possibility" that a state would apply the law and uphold a conviction based on such conduct. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684-85 (2013) (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 194 (2007)); *see United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016). Thus, in the present case, our consideration of minimum culpable conduct is informed by decisions of the Supreme Court of Virginia, with decisions of Virginia's intermediate appellate court constituting "the next best indicia of what state law is." *See Gardner*, 823 F.3d at 803 (quoting *Castillo v. Holder*, 776 F.3d 262, 268 & n.3 (4th Cir. 2015)).

Our decision in *Presley* did not address the Virginia state courts' interpretation of the meaning of the term robbery "by violence or intimidation." 52 F.3d at 69. Nor did

our *Presley* decision apply the *Johnson I* definition of "physical force." Accordingly, we now must consider under the current legal landscape whether Virginia common law robbery qualifies as a violent felony under the ACCA's force clause.

As noted above, Virginia common law robbery can be committed by violence or by intimidation. Thus, if either means of committing this crime does not require the "use, attempted use, or threatened use" of "physical force," then Virginia robbery does not categorically match the force clause of the ACCA. *See Gardner*, 823 F.3d at 803.

In addressing Virginia common law robbery by means of violence, the Supreme Court of Virginia has explained that commission of common law robbery by violence requires only a "slight" degree of violence, "for anything which calls out resistance is sufficient." *Maxwell v. Commonwealth*, 183 S.E. 452, 454 (Va. 1936). Further, under Virginia law, the "violence used [to commit robbery by violence] does not need to be great or cause any actual harm to the victim." *Henderson v. Commonwealth*, No. 3017-99-1, 2000 WL 1808487, at \*3 (Va. Ct. App. Dec. 12, 2000) (unpublished) (citing *Jones v. Commonwealth*, 496 S.E.2d 668, 670 (Va. Ct. App. 1998)).

This interpretive guidance from the Virginia appellate courts bears a strong similarity to the North Carolina courts' description of North Carolina common law robbery, which we concluded in *Gardner* did not qualify as a violent felony under the ACCA's force clause.[6] *Gardner*, 823 F.3d at 803 (citing *State v. Sawyer*, 29 S.E.2d 34,

---

[6] Although we recognize that *Gardner* provides persuasive authority, our conclusion that North Carolina common law robbery does not qualify as a violent felony does not compel a similar holding in the present case. We defer to the state courts' (Continued)

13

37 (N.C. 1944) for the proposition that "the degree of force" required for North Carolina robbery "is immaterial, so long as it is sufficient to compel the victim to part with his property"). *But see Doctor*, 842 F.3d at 311 (explaining that "there is no indication that South Carolina robbery by violence can be committed with minimal actual force"). Because Virginia common law robbery can be committed when a defendant uses only a "slight" degree of force that need not harm a victim, Virginia common law robbery appears to encompass a range of de minimis contact by a defendant.

This conclusion further is supported by a case decided by Virginia's intermediate appellate court, which illustrates that the minimum culpable conduct required for a conviction of Virginia common law robbery need not amount to violent physical force. *Jones*, 496 S.E.2d 668. In *Jones*, the victim was carrying her purse "tucked" under her arm when the defendant approached the victim from behind, "tapped her on the shoulder, and 'jerked' her around by pulling her shoulder," took her purse, and ran. *Id.* at 669. The Virginia court concluded that the defendant's act of "physical jerking," which was not strong enough to cause the victim to fall, was a sufficient degree of force to support the robbery charge. *Id.* at 669-70. The extent of the victim's resistance in that case was limited to the fact that she was "forc[ed] . . . to turn and face" the defendant. *Id.* at 670. Contrary to the government's position in the present case, such resistance by the victim does not necessarily reflect use of "violent force" by the defendant. *See generally*

interpretations of their own criminal statutes and common law offenses. *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016).

*Gardner*, 823 F.3d at 803-04 (explaining that a defendant's act of pushing the victim's shoulder and causing her to fall was not violent force under *Johnson I*); *Karimi v. Holder*, 715 F.3d 561, 569 (4th Cir. 2013) (explaining that "[g]rabbing [an officer's hand], on its own, is not necessarily '*violent* force'") (quoting *Johnson I*).

Based on the above decisions from the appellate courts in Virginia, we conclude that the minimum conduct necessary to sustain a conviction for Virginia common law robbery does not necessarily include the use, attempted use, or threatened use of "violent force . . . capable of causing physical pain or injury to another person," under *Johnson I*. 559 U.S. at 140 (emphasis omitted). Accordingly, we hold that Winston's conviction for Virginia common law robbery does not qualify as a violent felony under the ACCA.[7]

Our conclusion is not altered by the government's argument that our decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), compels a different result in the present case. In *McNeal* we held that federal armed bank robbery under 18 U.S.C. § 2113(d) qualified as a crime of violence under 18 U.S.C. § 924(c)(3)(A), in part because the lesser included offense of bank robbery "by force and violence[] requires the use of physical force." *Id.* at 153, 157. Our conclusion that federal armed bank robbery had as an element "the use, attempted use, or threatened use of physical force," within the meaning of 18 U.S.C. § 924(c)(3)(A), is distinguishable from the present case because that decision involved this Court's interpretation of a federal statute, rather than our

---

[7] In light of our conclusion, we need not address robbery committed by means of intimidation under Virginia law and whether that commission qualifies as the threatened use of physical force under *Johnson I*.

15

application of a state court's determination of a state offense. *See McNeal*, 818 F.3d at 154 (citing for support *Presley*, 52 F.3d at 69, but acknowledging that "a State is entitled to define its crimes as it sees fit").

Nor are we persuaded by the government's suggestion that our decision in *Gardner*, holding that North Carolina common law robbery does not qualify as a violent felony, conflicts with *McNeal*. The state courts of Virginia and North Carolina are free to define common law robbery in their respective jurisdictions in a manner different from that employed by federal courts in construing a federal statute. Thus, even though our analysis in *McNeal*, *Gardner*, and the present case have required application of the force clause as defined by *Johnson I* to crimes involving robbery by force, by violence, by intimidation, or by fear, we have been called upon in these several cases to analyze distinct crimes under the differing precedent of the relevant jurisdictions.

Accordingly, we hold that the district court erred in concluding that Virginia common law robbery qualifies as a violent felony under the ACCA's force clause. However, Winston still may be subject to an armed career criminal designation if his rape conviction under the UCMJ qualifies as a violent felony, a question the district court has not addressed. We therefore vacate the district court's judgment and remand the case for the district court's consideration of this question in the first instance.


III.

For these reasons, we vacate the district court's judgment addressing Winston's successive § 2255 motion, and we remand the case to the district court for further consideration.

*VACATED AND REMANDED*