**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4375**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANTONIO LEVETT RUCKER, a/k/a Pops,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:16-cr-00379-NCT-1)

Submitted:  November 29, 2017          Decided:  December 5, 2017

Before WILKINSON, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Randall S. Galyon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Levett Rucker pled guilty to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). At sentencing, the district court found Rucker to be a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2016) and sentenced him to 110 months' imprisonment. On appeal, Rucker argues for the first time that the district court erred in sentencing him as a career offender because one of his predicate offenses, North Carolina felony assault by strangulation, is not a crime of violence. We affirm.

Because Rucker did not object to the district court's determination that he qualified as a career offender or to its determination that North Carolina felony assault by strangulation is a crime of violence, our review is for plain error. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). "To establish plain error, a defendant has the burden of showing: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* at 510. Once these elements have been met, we will then correct the error only if it "would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

To be sentenced as a career offender (1) the defendant must have been at least 18 years old when he committed the instant offense, (2) the instant offense must be a felony crime of violence or controlled substance offense, and (3) the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1. A "crime of violence" is defined as

2

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [(force clause)], or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) [(2012)] or explosive material as defined in 18 U.S.C. § 841(c) [(2012)] [(enumerated offenses clause)].

USSG § 4B1.2(a) (2016). Because assault by strangulation is not one of the crimes listed in the enumerated offenses clause, and the 2016 version of the Guidelines contains no residual clause, only the force clause is relevant to our analysis.

"To determine whether a prior state conviction constitutes a predicate crime of violence justifying an enhanced federal sentence, we follow the categorical approach. This approach considers how the law defines the offense, not how an individual offender might have committed it on a particular occasion." *United States v. Thompson*, __ F.3d __, __, No. 15-4685, 2017 WL 4818870, at *3 (4th Cir. Oct. 26, 2017) (citations and internal quotation marks omitted).[1] When analyzing a conviction under the force clause, "we must focus on the minimum conduct criminalized by state law, including any conduct giving rise to a realistic probability, not a theoretical possibility[,] that a state

---

[1] When the predicate statute "contains divisible categories of proscribed conduct," courts will apply a "modified categorical approach." *Thompson*, 2017 WL 4818870, at *3 n.4 (internal quotation marks omitted). Because the predicate statute at issue, N.C. Gen. Stat. 14-32.4(b) (2015), contains no divisible categories, the modified categorical approach does not apply.

would apply the law and uphold a conviction based on such conduct." *United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017).[2]

Under plain error review, Rucker has the burden of showing that it is "clear or obvious" that assault by strangulation is not a crime of violence. *Carthorne*, 726 F.3d at 516 (internal quotation marks omitted). An error is clear or obvious "if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *Id.* (internal quotation marks omitted). Rucker has not shown a clear or obvious error because he has not established a "realistic probability" that a North Carolina court would uphold a conviction for assault by strangulation without the use of physical force. *See Winston*, 850 F.3d at 684. Indeed, Rucker has not identified a single case or counterexample to the proposition that assault by strangulation requires the use of physical force. *Cf. id.* (citing Virginia state cases convicting defendants of common law robbery based on acts that did not involve use or attempted use of force to find that Virginia common law robbery is not crime of violence under ACCA's force clause). Accordingly, Rucker has not established that the district court committed plain error when it found assault by strangulation to be a crime of violence.

---

[2] While the issue in *Winston* was whether Virginia robbery constitutes a violent felony under the force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B) (2012), "[w]e rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the [ACCA], as the two terms are defined in a substantively identical manner." *Carthorne*, 726 F.3d at 511 n.6 (citation and internal quotation marks omitted).

We affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*