**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4823**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HASSANH BEY WRIGHT, a/k/a Hassanh Bay Wright,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:07-cr-00002-FL-1)

Submitted:  March 23, 2018                                    Decided:  March 30, 2018

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassanh Bey Wright appeals the district court's order revoking his supervised release and sentencing him to 46 months' imprisonment. Wright's only claim on appeal is that the district court committed procedural error in computing his advisory Guidelines range because the North Carolina offense of assault by strangulation is not categorically a crime of violence; therefore, he claims, the offense should have been counted as a Grade B, rather than a Grade A, violation. *See* U.S. Sentencing Guidelines Manual § 7B1.1(a)(1) (2016). Because Wright did not raise this claim in the district court, however, review by this court is limited to plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Under plain error review, Wright has the burden of showing that it is "clear or obvious" that assault by strangulation is not a crime of violence. *United States v. Carthorne,* 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). An error is clear or obvious "if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *Id.* (internal quotation marks omitted). Wright has not shown a clear or obvious error because he has not established a "realistic probability" that a North Carolina court would uphold a conviction for assault by strangulation without the use of physical force. *See United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017). Accordingly, Wright has not established that the district court committed plain error when it found assault by strangulation to be a crime of violence.

Therefore, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*