**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4564**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES REECE FIELDS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:98-cr-00071-JPJ-1)

Submitted: February 27, 2019                    Decided:  March 8, 2019

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frederick T. Heblich, Jr., Interim Federal Public Defender, Charlottesville, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2000, James Reece Fields was convicted of five counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and sentenced to 293 months' imprisonment and 5 years' supervised release. In 2017, the district court granted Fields' 28 U.S.C. § 2255 (2012) motion, vacated his sentence, and ordered resentencing. The Government requested an upward departure or variance to the same 293-month sentence, while Fields sought a sentence considerably lower that would make him eligible for immediate release. We conclude that the court did not abuse its discretion in agreeing with the Government and imposing the same 293-month term of imprisonment. Accordingly, we affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). In determining whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1179 (2018).

We conclude that the district court did not err in finding that Fields had the propensity to continue to engage in criminal conduct despite his age and health. Fields' criminal history began as he entered adulthood and continued into his 50s. His prior convictions include burglaries, assaults, and abducting a police officer at gunpoint. Past periods of incarceration and a heart attack did not deter him. Furthermore, there is no evidence that Fields is somehow incapacitated and unable to engage in criminal conduct, such as illegally possessing and reselling firearms.

We also conclude that the district court did not err in finding that Virginia common law robbery is a crime of violence under Sentencing Guidelines Manual § 4B1.2(a)(2) (2018). *See United States v. Gattis*, 877 F.3d 150, 158 (4th Cir. 2017) (holding that North Carolina robbery qualifies as generic robbery); *United States v. Winston*, 850 F.3d 677, 684-85 (4th Cir. 2017) (noting "strong similarity" between North Carolina common law robbery and Virginia common law robbery).

Finally, we conclude that the district court's alternate sentence, imposed as an upward variance, obviates the need to determine whether the upward departure was based on the appropriate criminal history score. Under assumed error harmlessness, we can avoid a remand if it is clear that the court would have imposed the same sentence even if the Guidelines issue was decided in the appellant's favor, and if the sentence is substantively reasonable. *United States v. Parral-Dominguez*, 794 F.3d 440, 447 (4th Cir. 2015).

Here, the district court clearly stated its intention that it would impose an upward variance to 293 months' imprisonment if the Guidelines calculations were in error.

3

Therefore, we must decide whether the upward variance is substantively reasonable. In reviewing the substantive reasonableness of an upward variance, we should consider "the totality of the circumstances, including the extent of any variance from the Guidelines range [and] give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). The court "need not explicitly discuss each factor on the record or robotically tick through § 3553(a)'s every subsection." *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (internal quotation marks omitted). Rather, "we will credit an articulation as clear and appropriate, when the reasons can be matched to a factor appropriate for consideration and tailored to the defendant's situation." *Id.* (internal quotation marks omitted). It is "well within the court's discretion to accord more weight to a host of aggravating factors," than to mitigating factors. *Id.* Because the court relied on Fields' lengthy criminal history, and the need to deter him from future criminal conduct and to protect the public, we conclude that the upward variance is substantively reasonable.

Accordingly, we affirm the amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4