**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4418**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AFRIES SANDONICAES MAHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:17-cr-00266-D-1)

Submitted: April 25, 2019                                Decided: May 23, 2019

Before MOTZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Afries Sandonicaes Maham appeals from his 180-month sentence imposed pursuant to his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). On appeal, Maham challenges his classification as an armed career criminal, arguing that his prior North Carolina breaking or entering convictions did not qualify as violent felonies under the Armed Career Criminal Act ("ACCA"). We affirm.

We review de novo whether a prior conviction qualifies as a violent felony under the ACCA. *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017). Under the ACCA, a defendant convicted of violating § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has at least three prior convictions for either a violent felony or a serious drug offense. 18 U.S.C. § 924(e) (2012). "The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary.'" *United States v. Mungro*, 754 F.3d 267, 268 (4th Cir. 2014) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

To determine if North Carolina breaking or entering qualifies as burglary, we apply the categorical approach. *Winston*, 850 F.3d at 683. Under the categorical approach, we "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in,

a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

Maham argues that North Carolina breaking or entering is broader than generic burglary because its "building" element includes certain mobile homes and travel trailers. But since generic burglary under the ACCA "includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation," *United States v. Stitt*, 139 S. Ct. 399, 403–04 (2018), Maham fails to demonstrate that North Carolina breaking or entering is broader than generic burglary and thus not categorically a violent felony.

Accordingly, we affirm the district court's judgment. We deny Maham's motion to place the case in abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*