<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4263**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH E. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:04-cr-00160-LMB)

Submitted: November 21, 2007      Decided: December 12, 2007

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Geremy C. Kamens, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Patrick F. Stokes, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph E. Williams appeals the district court's order imposing a sentence of life imprisonment. We affirm.

A jury convicted Williams of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(e) (2000), and unlawful drug use while in possession of a firearm and ammunition, in violation of §§ 922(g)(1) and 924(e). After finding Williams guilty, the jury then determined Williams deliberately and with malice shot and killed Gail Collins during the commission of a robbery. Based upon the jury's findings that Williams used the gun to commit first-degree murder, the district court enhanced his sentence.[*] The district court stated there was "no question" the preponderance of the evidence established Williams had used a firearm to murder Collins. The district court therefore sentenced Williams to life imprisonment, the then mandatory sentence under the guidelines.

Williams appealed. We affirmed his conviction, but vacated his sentence and remanded for a resentencing hearing in compliance with United States v. Booker, 543 U.S. 220 (2005). See United States v. Williams, 445 F.3d 724, 740-41 (4th Cir.), cert. denied, 127 S. Ct. 314 (2006). On remand, the district court again imposed a sentence of life imprisonment.

---

[*]Under U.S. Sentencing Guidelines Manual § 2K2.1(c)(1)(B), the recommended sentence for a felon in possession of a firearm increases when the gun is used to commit murder.

- 2 -

On appeal, Williams challenges his sentence on three grounds. First, he argues that the district court erred by relying on the jury's findings from the first sentencing hearing. Second, he argues the evidence from trial and the sentencing hearing was insufficient to prove that the firearm he possessed was the firearm used to murder Collins. Third, Williams argues the sentence of life imprisonment was unreasonable because the district court based the sentence, in part, upon erroneous factual conclusions.

I. Whether the sentencing court erroneously relied upon the jury's findings

Williams argues the district court erred by relying on jury findings from the first sentencing hearing. He contends the effect of a sentence vacatur and remand from this court is to nullify the entire initial sentencing proceeding, and thus the district court had the responsibility to make the factual determinations relevant to sentencing rather than relying on those made by the jury. The Government responds this court did not vacate the jury's sentencing findings, and further, the district court merely found those findings persuasive and made its own factual findings.

Upon remand, neither party presented new evidence regarding Collins's death. When Williams objected to any reliance on the jury findings made during the prior sentencing hearing, the district court responded, "It is up to the Court to make the

appropriate sentencing decision, but the factual findings of this jury are, I think, at this point unassailable . . . ." The district court further stated that "the case is back before this Court on the factual record that's been clearly established to determine whether the 3553 factors, what the appropriate sentence would be."

"[T]he mandate of a higher court is 'controlling as to matters within its compass.'" United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)).

> [W]hen this court remands for further proceedings, a district court must, except in rare circumstances, implement both the letter and the spirit of the . . . mandate, taking into account [our] opinion and the circumstances it embraces. However, to the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing.

Bell, 5 F.3d at 66-67 (internal citations omitted).

We remanded this case solely due to the "statutory Booker error [that] occurred because the district court treated the Guidelines as mandatory." Williams, 445 F.3d at 741. The district court was bound upon remand only to reconsider its sentence, with the sentencing guidelines viewed as advisory. We did not find any other error in the sentencing proceedings, nor did either party allege that any other error occurred. In applying the guidelines as discretionary and resentencing Williams, the district court did

not err by considering the jury findings from the original sentencing hearing because those findings remained undisturbed.

II. Whether the evidence sufficiently proved Williams killed Collins

Williams contends the district court erred by applying the sentencing guidelines' murder cross-reference provisions because the evidence was not sufficient to prove the gun he possessed was the gun used to kill Collins. He notes no eyewitness testimony connected him or his gun directly to Collins's death.

In reviewing a sentencing judge's application of the sentencing guidelines, this court reviews factual determinations for clear error. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). "If the court's findings may rationally be said to be supported by a preponderance of the evidence, they may not be disturbed on appeal." United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997).

In our previous consideration of this case, we recited in great detail the evidence connecting Williams to the murder of Gail Collins and see no need to do so again. See Williams, 445 F.3d at 727-29. There, we stated, "The evidence presented by the government directly and quite compellingly tied Williams to the murder of Gail Collins." Williams, 445 F.3d at 732. We therefore conclude the district court's finding that Williams used his firearm to murder Collins is supported by a preponderance of the

evidence.  Thus, the district court did not err by applying the murder cross-reference provisions of USSG § 2K2.1(c)(1)(B) to determine Williams's guidelines sentence.

III.  Whether Williams's sentence was reasonable

Williams argues his sentence was unreasonable because the district court based it, in part, upon incorrect factual findings. Specifically, Williams argues the district court erred in its tallies of the number of Williams's prior convictions and of the amount of time Williams had been out of prison before committing the instant offense, and by failing to fully consider his efforts at rehabilitation.  The Government contends the sentence was reasonable because the district court conducted a thorough analysis and properly focused on the key factors supporting a life sentence.

This court reviews "'a district court's interpretation of the applicable sentencing guidelines de novo and its factual findings for clear error.'"  United States v. Collins, 415 F.3d 304, 315 (4th Cir. 2005) (quoting United States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004)).  A sentence within a properly calculated advisory guidelines range is presumptively reasonable.  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness).  This presumption can only be rebutted by showing the sentence is unreasonable when measured

against the factors in 18 U.S.C. § 3553(a) (2000). <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 3044 (2007).

Williams's life sentence is within the range recommended by the guidelines and is thus presumptively reasonable. Williams, however, asserts that his sentence is unreasonable because the district court made underlying factual findings that were inconsistent with the record and neglected to consider his efforts to better himself and other ex-convicts. Williams first challenges the district court's characterization of his past robbery convictions as "numerous." Williams argues the district court's reference to his "numerous" robbery convictions is factually inaccurate because he had only three adult convictions and two juvenile adjudications for robbery. We find that the use of the term "numerous" to describe five acts of robbery does not reflect that the district court misrepresented the extent of Williams's criminal history.

Williams also disputes the accuracy of the district court's conclusion that after a "window of three years" of "being on the street," he resumed his criminal activities. Williams asserts that this summary is erroneous because he was released on parole in 1996 and committed the instant offense in 2003. The district court's consideration of Williams's time out of prison was relevant under § 3553(a)(1) and (a)(2)(C). Section 3553(a)(1)

provides that the sentencing court shall consider the defendant's history and characteristics, while § 3553(a)(2)(C) provides that the sentencing court consider, among other factors, the need for the sentence "to protect the public from further crimes of the defendant."

The district court's comments at sentencing demonstrate it was predominately concerned with Williams's history of violent crime. In the context of Williams's adult criminal history, starting with his first adult conviction in 1977 at the age of eighteen and spanning twenty-six years to 2003 with the instant offense, the court's error was relatively insignificant. In light of the district court's focus upon Williams's violent nature and the need to ensure public safety, we have no doubt that the district court's miscalculation or misstatement regarding the interval between Williams's release on parole and his murder of Collins had no impact upon the court's assessment of the appropriate sentence.

As for the evidence Williams presented at sentencing regarding his efforts to rehabilitate himself and other ex-convicts, this information was certainly relevant under § 3553(a). However, it does not demonstrate that his sentence was unreasonable. See Montes-Pineda, 445 F.3d at 379. This evidence did not outweigh the seriousness of his offense and his chronic

recidivism.  For these reasons, Williams has failed to rebut the presumption that his sentence was reasonable.

Accordingly, we affirm Williams's life sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED