**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4886

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY ANTONIO WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19−cr−00348−NCT−1)

Argued:  December 11, 2020                          Decided:  January 27, 2022

Before NIEMEYER and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by published opinion.  Senior Judge Keenan wrote the opinion, in which Judge Niemeyer and Judge Wynn joined.

**ARGUED:**  Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.   Michael Francis Joseph, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:**  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

BARBARA MILANO KEENAN, Senior Circuit Judge:

The facts and history of this case are set forth in this Court's prior opinion, *United States v. White*, 987 F.3d 340 (4th Cir. 2021). Terry Antonio White was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In determining White's sentence, the district court held that White qualified as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or the ACCA), based on three prior convictions for "violent felonies," including Virginia common law robbery. The court therefore imposed the ACCA's mandatory minimum sentence of 180 months' imprisonment.

White maintains on appeal that he did not qualify as an armed career criminal because Virginia common law robbery can be committed without the actual, attempted, or threatened use of physical force, by threatening to accuse the victim of having committed sodomy. Upon our initial review, we found that there was "no controlling Virginia precedent" enabling us to determine whether the district court's view of Virginia common law robbery was correct. *White*, 987 F.3d at 345. Therefore, we certified a question of law to the Supreme Court of Virginia (the Virginia court), *id.* at 341, pursuant to Virginia Supreme Court Rule 5:40, which requires that certified questions be "determinative" in the pending proceeding. *See* Va. Sup. Ct. R. 5:40(a). The Virginia court accepted our request to answer the following question:

> Under Virginia common law, can an individual be convicted of robbery by means of threatening to accuse the victim of having committed sodomy?

*White v. United States*, 863 S.E.2d 483, 483 (Va. 2021). As explained below, the Virginia court responded, "*yes* if the accusation of 'sodomy' involves a crime against nature under extant criminal law." *Id*.

The Virginia court's decision compels our holding here, namely, that Virginia common law robbery can be committed without proving as an element the "use, attempted use, or threatened use of physical force." *See* 18 U.S.C. § 924(e)(2)(B)(i); *White*, 987 F.3d at 345. Such an element is required for prior convictions to qualify as predicate offenses under the relevant provision of the ACCA. 18 U.S.C. § 924(e)(2)(B)(i). Accordingly, we vacate White's sentence and remand for resentencing.

## I.

In 2019, White entered into a plea agreement in federal district court, pleading guilty to the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In the presentence report, the probation officer recommended an enhanced sentence under the ACCA, 18 U.S.C. § 924(e), based on White's prior convictions for three predicate "violent felonies," namely, common law robbery and breaking and entering under North Carolina law, and common law robbery under Virginia law. White objected to this sentencing recommendation and argued that Virginia common law robbery does not qualify as a "violent felony" under the ACCA's applicable "force clause." *See* 18 U.S.C. § 924(e)(2)(B)(i). That provision defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that "has as an

3

element the use, attempted use, or threatened use of physical force against the person of another."[1] *Id.*

White argued that Virginia common law robbery could be committed without proving as an element the threat of physical force, namely, by threatening to accuse the victim of having committed sodomy. The district court overruled White's objection based on two conclusions of law.

First, the district court addressed this Court's decision in *United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017), in which we held that Virginia common law robbery did not qualify as a violent felony under the ACCA, because the state crime could be committed by a de minimis use of force. The district court held that *Winston* had been abrogated by the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019) (holding that a slight use of force is sufficient under the ACCA's force clause so long as the force overcomes a victim's resistance). We addressed this issue in our prior opinion in this case, in which we agreed with the district court's analysis of *Stokeling* and affirmatively held that *Stokeling* abrogated our prior decision in *Winston*. *White*, 987 F.3d at 343-44.

The district court also rejected White's assertion that Virginia common law robbery can be committed by accusing the victim of having committed sodomy. The court reasoned that the Virginia court only had referenced this theory of robbery in dicta in decisions

---

[1] The ACCA also contains a separate "enumerated crimes" clause for defining violent felonies, but that clause is not applicable here. *See* 18 U.S.C. § 924(e)(2)(B)(ii). And the ACCA's "residual clause" contained in Section 924(e)(2)(B)(ii) has been invalidated. *United States v. Johnson*, 576 U.S. 591, 597 (2015).

4

issued before 1939, and never had applied such a theory of robbery to a particular defendant. The district court therefore concluded that a required element of the crime of Virginia common law robbery is the use of "physical force, physical violence or threats of imminent physical force or violence." Accordingly, the district court determined that White qualified for an ACCA sentencing enhancement and imposed the mandatory minimum sentence of 180 months' imprisonment. Without the enhancement, White was subject to a statutory maximum sentence of 120 months' imprisonment. *See* 18 U.S.C. § 924(a)(2).

## II.

State courts, not federal courts, are the proper forum to "identify the elements of a state common law offense." *United States v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016); *see also United States v. Dinkins*, 928 F.3d 349, 354 (4th Cir. 2019) (explaining that we "look to state law" to determine whether a predicate state offense meets the definition of the ACCA's force clause (citation omitted)). Therefore, we asked the Virginia court to answer the determinative question in this case, namely, whether Virginia common law robbery can be committed by threatening to accuse the victim of sodomy, an offense that would not have as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

As noted above, the Virginia court held that under Virginia common law, an individual can be convicted of robbery by threatening a victim with having committed "sodomy," to the extent that the accusation involves a crime against nature under existing

5

state law.[2]  *White*, 863 S.E.2d at 483, 485-86 (explaining that the crime of "sodomy" includes only sex acts that implicate criminal liability, such as "'carnal knowledge' with a 'brute animal'" or certain sex acts with an immediate relative).  In reaching this conclusion, the Virginia court relied on four prior decisions in which it had recognized the historical English "crime-against-nature doctrine," which included the crime of common law robbery by accusing another of having committed sodomy.  *Id.* at 484-86 (citing *Houston v. Commonwealth*, 12 S.E. 385 (Va. 1890); *Maxwell v. Commonwealth*, 183 S.E. 452 (Va. 1936); *Falden v. Commonwealth*, 189 S.E. 326 (Va. 1937); *Fleming v. Commonwealth*, 196 S.E. 696 (Va. 1938)).  Thus, the Virginia court held that such a crime remains a felony offense under Virginia common law when the particular act of sodomy that is the subject of the accusation is still a crime under Virginia law.  *Id.* at 486, 492.

Now that the Virginia court has rendered its decision, principles of federalism require us to defer to its interpretation of state law.  Given the Virginia court's declaration that robbery under Virginia common law still can be committed by threatening to accuse the victim of a crime against nature, we conclude that Virginia common law robbery does

---

[2]  Although not referenced by the Virginia court in the present case, the Supreme Court in *Lawrence v. Texas*, 539 U.S. 558, 563, 578 (2003), held that the right to liberty under the Due Process Clause of the Fourteenth Amendment rendered invalid a Texas law prohibiting "deviate sexual intercourse with another individual of the same sex," after two men were convicted of engaging in anal intercourse.  Based on *Lawrence*, sodomy between consenting adults no longer is a criminal offense under Virginia law.  *See MacDonald v. Moose*, 710 F.3d 154, 156 (4th Cir. 2013).  The Virginia General Assembly later amended Virginia Code § 18.2-361(A), to remove from the penalty statute for crimes against nature the prohibition against carnal knowledge "by the anus or by or with the mouth."  *See* 2014 Va. Acts ch. 794; Va. Code § 18.2-361 (2014).

not require as an element the actual, attempted, or threatened use of physical force.[3] *See United States v. Aparicio-Soria*, 740 F.3d 152, 157 (4th Cir. 2014) (en banc) (explaining that no "exercise of imagination" was needed to analyze the elements of resisting arrest under Maryland law, because there was "precedent from Maryland's highest court stating that" violent force was not required). Accordingly, upon the Virginia court's clarification of the contours of Virginia common law robbery, our inquiry into Virginia common law ends. *See Dinkins*, 928 F.3d at 355-57; *see also Gordon v. Barr*, 965 F.3d 252, 260 (4th Cir. 2020) (holding that petitioner need not "find a case" showing that the state had prosecuted the conduct in question, when that conduct plainly was prohibited by the state statute).

We therefore hold that Virginia common law robbery does not qualify as a "violent felony" under the ACCA's force clause. *See* 18 U.S.C. § 924(e)(2)(B)(i). Virginia common law robbery can be committed by threatening to accuse the victim of having committed a crime against nature and, thus, does not have as a required element "the use, attempted use, or threatened use of physical force against the person of another." *Id.* Because the district court relied on White's prior conviction for Virginia common law

---

[3] We observe that in August 2021, this Court certified a similar question to the Court of Appeals of Maryland: "Under Maryland law, can an individual be convicted of robbery by means of threatening force against property or threatening to accuse the victim of having committed sodomy?" *United States v. Dickson*, No. 19-4226, 2021 WL 3630032, at *1 (4th Cir. Aug. 17, 2021) (unpublished). The Maryland court heard oral argument on this question on December 2, 2021, but has not yet issued a decision.

7

robbery as a basis for imposing an enhanced sentence under the ACCA, we are required to vacate White's sentence.

III.

For these reasons, we vacate White's sentence imposed by the district court and remand the case to the district court for resentencing.

*VACATED AND REMANDED*