**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4886

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY ANTONIO WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19−cr−00348−NCT−1)

Argued:  December 11, 2020                    Decided:  February 5, 2021

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Question certified to the Supreme Court of Virginia by published order.  Judge Keenan directed entry of the order with the concurrences of Judge Niemeyer and Judge Wynn.

**ARGUED:**  Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.    Michael Francis Joseph, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:**  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---
ORDER
---

BARBARA MILANO KEENAN, Circuit Judge:

I.

Question Certified

The United States Court of Appeals for the Fourth Circuit, exercising the privilege

afforded by the Supreme Court of Virginia through its Rule 5:40 to certify questions of law

to the Supreme Court of Virginia when a question of Virginia law is determinative in a

pending action and there is no controlling Virginia precedent, requests that the Supreme

Court of Virginia exercise its discretion to answer the following question:

> Under Virginia common law, can an individual be convicted of robbery by
> means of threatening to accuse the victim of having committed sodomy?

This Court acknowledges that the Supreme Court of Virginia may restate this question.

*See* Va. Sup. Ct. R. 5:40(d).

II.

Nature of Controversy

In 2019, Terry Antonio White entered into a plea agreement in federal district court,

pleading guilty to the offense of being a felon in possession of a firearm, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2). In the presentence report, the probation officer

2

recommended an enhanced sentence under the Armed Career Criminal Act (the ACCA), 18 U.S.C. § 924(e), based on White's prior convictions for three predicate "violent felonies," namely, common law robbery and breaking and entering under North Carolina law, and common law robbery under Virginia law, an offense committed in 2013. White objected to this sentencing recommendation and argued that Virginia common law robbery does not qualify as a "violent felony" under the ACCA's applicable "force clause." *See* 18 U.S.C. § 924(e)(2)(B)(i). That provision defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[1] *Id.*

Relying on *Houston v. Commonwealth*, 12 S.E. 385 (Va. 1890), and other decisions by the Supreme Court of Virginia issued prior to 1939 and discussed below, White argued that Virginia common law robbery could be committed *without* a threat of physical force, namely, by threatening to accuse the victim of having committed sodomy. The district court overruled White's objection, reaching two conclusions of law relevant to this appeal.

First, the district court addressed this Court's decision in *United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017), in which we held that Virginia common law robbery did not qualify as a violent felony under the ACCA, because the state crime could be committed by a de minimis use of force. The district court held that *Winston* had been abrogated by the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544,

---

[1] The ACCA also contains a separate "enumerated crimes" clause for defining violent felonies, but that clause is not applicable here. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

3

550 (2019) (holding that a slight use of force is sufficient under the ACCA's force clause so long as the force overcomes a victim's resistance).

Second, the court rejected White's assertion that Virginia common law robbery can be committed by accusing the victim of sodomy. The court reasoned that the Supreme Court of Virginia only had referenced this manner of robbery in dicta in cases prior to 1939, and never had applied such a means of robbery to a particular defendant. Accordingly, the district court determined that White qualified for an ACCA sentencing enhancement and imposed the mandatory minimum sentence of 180 months' imprisonment. Without the enhancement, White was subject to a statutory maximum sentence of 120 months' imprisonment. *See* 18 U.S.C. § 924(a)(2). White timely appealed to this Court.

III.

Legal Discussion and Relevant Virginia Decisions

We observe that under Supreme Court of Virginia Rule 5:40, the question we certify must be determinative of the proceeding. The district court's application of White's sentencing enhancement under the ACCA was premised on two conclusions of law that we must address in this appeal: (1) whether the Supreme Court's decision in *Stokeling* abrogated our decision in *Winston*, and (2) whether the commission of robbery by threat of accusing the victim of sodomy is a crime under Virginia common law. Because we agree with the district court's conclusion that *Stokeling* invalidated our analysis in *Winston*, as

4

explained below, the question of Virginia law that we present here is dispositive in White's appeal.[2] We address each issue in turn.

## A.

We agree with the district court's holding that *Stokeling* abrogated our analysis in *Winston* regarding the degree of force necessary to commit Virginia common law robbery. In *Winston*, we held that "the minimum conduct necessary to sustain a conviction for Virginia common law robbery does not necessarily include the use, attempted use, or threatened use of 'violent force . . . capable of causing physical pain or injury to another person.'" 850 F.3d at 685 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

---

[2] We reject the government's argument that White's appeal is barred by the appeal waiver provisions in his plea agreement. The terms of the plea agreement reserved the right to appeal any sentence imposed "in excess of *the* statutory maximum," singular (emphasis added). The agreement plainly stated that White was exposed to a "maximum term of imprisonment provided by law" of ten years, even if it also noted that White "*could be* subject to the enhanced penalty provisions of [the ACCA]" (emphasis added). The applicable statutory maximum term of imprisonment is ten years, prescribed by 18 U.S.C. § 924(a)(2), which, along with Section 922(g)(1), formed the basis for White's charged offense. Accordingly, we hold that the waiver provisions in the plea agreement do not bar White's appeal of his enhanced, fifteen-year sentence. *See United States v. Jones*, 743 F.3d 826, 831 n.2 (11th Cir. 2014).

We also reject White's argument that the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), "should be overruled." In that decision, the Supreme Court recognized an exception to the Sixth Amendment, under which "a sentencing judge [is permitted] to find the fact of a defendant's prior convictions instead of a jury, even when this fact increases the statutory maximum or minimum penalty." *United States v. Bell*, 901 F.3d 455, 467-68 (4th Cir. 2018) (describing the holding in *Almendarez-Torres*). White contends that when a prior conviction is a factor in setting the punishment for a crime, that conviction is an element of the offense that must be proved beyond a reasonable doubt under the Fifth and Sixth Amendments. Not only is this Court unable to "overrule" Supreme Court precedent, but we recently rejected a similar argument in *Bell*, 901 F.3d at 467-68.

We explained that our review of decisions by appellate courts in Virginia demonstrated that "Virginia common law robbery can be committed when a defendant uses only a 'slight' degree of force that need not harm a victim," encompassing a range of de minimis contact by a defendant. *Id.* Notably, the parties did not argue, nor did we address in *Winston*, whether robbery by means of threatening to accuse the victim of committing sodomy qualified as a crime under Virginia law.

Two years after we issued *Winston*, the Supreme Court of the United States held that a robbery offense that "require[s] the criminal to overcome the victim's resistance" is sufficient to satisfy the ACCA's force clause. *Stokeling*, 139 S. Ct. at 550. "Thus, instead of relying solely on the quantum of force required under the state law, the critical factor under *Stokeling* in determining whether a particular robbery offense satisfies the ACCA's force clause is whether the offense requires that the offender 'physically over[come] the victim's resistance, "however slight" that resistance might be.'" *United States v. Dinkins*, 928 F.3d 349, 355 (4th Cir. 2019) (quoting *Stokeling*, 139 S. Ct. at 550).

We conclude that this new framework set forth in *Stokeling* invalidated our analysis in *Winston*, in which we held that because Virginia robbery can be committed by a de minimis use of force, the crime did not qualify as a violent felony under the ACCA. *See id.* at 357-58 (holding that after *Stokeling*, North Carolina common law robbery qualifies as an ACCA predicate and abrogating *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016)). The definition of Virginia common law robbery, as described in decisions issued after 1938, aligns with the definition of robbery under Florida law that the Supreme Court in *Stokeling* described as the "quintessential ACCA-predicate crime." *Stokeling*, 139 S.

6

Ct. at 551. *Compare Johnson v. Commonwealth*, 163 S.E.2d 570, 572-73 (Va. 1968) (Virginia robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."), *with* Fla. Stat. § 812.13(1) (defining Florida robbery as "the taking of money or other property . . . from the person or custody of another, . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear."). This definition of Virginia common law robbery also aligns with the definition of North Carolina common law robbery which, after *Stokeling*, we have held qualifies as a violent felony under the ACCA.[3] *See Dinkins*, 928 F.3d at 357-58. For these reasons, we conclude that the district court correctly held that *Stokeling* abrogated our prior holding in *Winston*.

## B.

Nevertheless, Virginia robbery will not qualify as an ACCA predicate offense if the state crime can be committed purely by intimidation without a "threatened use of force," namely, by threatening to accuse the victim of sodomy. *See* 18 U.S.C. § 924(e)(2)(B)(i). As we have explained, we must "look to state law and the interpretation of [the] offense articulated by that state's courts" to determine whether a predicate state offense meets the

---

[3] In *Winston*, we relied on the circumstances in *Jones v. Commonwealth*, 496 S.E.2d 668, 670 (Va. Ct. App. 1998), to demonstrate the use of de minimis force to commit Virginia robbery. In *Jones*, the defendant's act of "physically jerking" the victim by pulling her shoulder caused the victim to turn and face the defendant, permitting him to take the victim's purse from under her arm. *Id.* at 685. This degree of force, although slight, was sufficient to overcome the victim's resistance and, thus, under *Stokeling* would qualify as a violent crime under the ACCA. *See Stokeling*, 139 S. Ct. at 550.

7

definition of the ACCA's force clause. *Dinkins*, 928 F.3d at 354 (internal quotations and citation omitted).

White relies on several decades-old decisions from the Supreme Court of Virginia that cite the definition of robbery to include a threatened charge of sodomy, even though none of those decisions involved a defendant charged under such circumstances. In *Houston v. Commonwealth*, 12 S.E. 385 (Va. 1890), the Supreme Court of Virginia stated that common law robbery includes violence sufficient to "call[] out resistance," or fear of physical harm, "with the single exception that, if one parts with his goods through fear of a threatened charge of sodomy, the taking is robbery." *Id.* at 387 (relying on sources providing the English common law definition for "robbery"); *see also* Va. Code § 1-200 (explaining that "[t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly"). Notably, however, the defendant in *Houston* presented a firearm and struck the victim. *Id.*

In *Maxwell v. Commonwealth*, the Virginia court quoted *Houston*'s language regarding the "sodomy exception," but did not apply the exception because the defendant used a pistol to commit the robbery. 183 S.E. 452, 454 (Va. 1936); *see also Falden v. Commonwealth*, 189 S.E. 326, 328 (Va. 1937) (same); *Fleming v. Commonwealth*, 196 S.E. 696, 697 (Va. 1938) (same involving physical assault). *But see Butts v. Commonwealth*, 133 S.E. 764, 767-68 (Va. 1926) (defining robbery without reference to the threat to charge sodomy exception). And, although reference to threatening to accuse

8

a robbery victim of sodomy does not appear in Virginia court decisions after 1938, we have found no decision eliminating this means of committing robbery from the common law of Virginia.

Moreover, we observe that Virginia Code § 18.2-58, the statute addressing punishment for robbery, when detailing various means of commission of the crime, does not mention robbery by threatening to accuse the victim of sodomy. However, this Court is aware that Section 18.2-58 does not define the common law crime of robbery, but rather fixes the punishment applicable to certain means of commission of robbery. *See Commonwealth v. Hudgins*, 611 S.E.2d 362, 365 (Va. 2005) (explaining that Section "18.2-58 prescribes the punishment for robbery but does not define the offense"). Accordingly, Section 18.2-58 is not dispositive of the question presented, because "we look to the common law for [the crime's] definition." *Durham v. Commonwealth*, 198 S.E.2d 603, 605 (Va. 1973).

For these reasons, we have found no controlling Virginia precedent to guide our decision. In short, we are uncertain whether the Supreme Court of Virginia would conclude that common law robbery can be committed by means of threatening to accuse the victim of sodomy. Accordingly, we respectfully request that the certified question be answered.

## IV.

### Certified Questions Determine This Proceeding

As required by the Supreme Court of Virginia Rule 5:40, the question we have certified is determinative of the proceeding before us. If the answer to the certified question

9

is "no," then the district court's decision that Virginia common law robbery qualifies as a predicate violent felony under the ACCA was correct, and the judgment imposing White's sentence will be affirmed. If, however, the answer to the certified question is "yes," then Virginia common law robbery can be committed without proof of the use, attempted use, or threatened use of physical force, and does not qualify as an ACCA predicate under 18 U.S.C. § 924(e)(2)(B)(i). In that case, White's enhanced sentence would be invalid, and we would vacate the district court's judgment and remand the case to the district court for resentencing.

## V.

### The Parties and Their Counsel

### A.

The Plaintiff-Appellee is the United States of America. Counsel for the Plaintiff-Appellee is:

Terry Michael Meinecke, Assistant U.S. Attorney, NCSB number 27586,

usancm.ecfcentral@usdoj.gov

Office of the United States Attorney

Middle District of North Carolina

4th Floor

101 South Edgeworth Street

Greensboro, NC 27401

(336) 333-5351 (Telephone)

### B.

The Defendant-Appellant is Terry Antonio White.  Counsel for the Defendant-Appellant is:

Mark A. Jones, NCSB number 36215, mjones@belldavispitt.com

Bell, Davis & Pitt, PA

100 North Cherry Street

Suite 600

Winston-Salem, NC 27101

(336) 714-4122 (Telephone)

VI.

Conclusion

Under the privilege made available by the Supreme Court of Virginia Rule 5:40, we respectfully:

(1) Certify the question stated in Part I of this Order of Certification to the Supreme Court of Virginia for resolution;

(2) Order the Clerk of this Court to forward to the Supreme Court of Virginia, under the official seal of this Court, a copy of this Order of Certification, together with the original or copies of the record before this Court to the extent requested by the Supreme Court of Virginia; and

(3) Order that any request for all or part of the record be fulfilled by the Clerk of this Court simply upon notification from the Clerk of the Supreme Court of Virginia.

*QUESTION CERTIFIED*

11

FOR THE COURT

<u>Barbara Milano Keenan</u>
Circuit Judge