**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-7131**

───────────

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

JOSEPH E. WILLIAMS,

         Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:04-cr-00160-LMB-1; 1:16-cv-00773-LMB)

───────────

Argued: January 26, 2023                     Decided: March 27, 2023

───────────

Before GREGORY, Chief Judge, HARRIS, and QUATTLEBAUM, Circuit Judges.

───────────

Vacated and remanded by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Harris and Judge Quattlebaum joined.

───────────

**ARGUED:** Geremy C. Kamens, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────

GREGORY, Chief Judge:

Joseph Williams was convicted of two firearm possession offenses in violation of 18 U.S.C. § 922(g). In determining Williams's sentence, the trial court applied the Armed Career Criminal Act ("ACCA") sentence enhancement, 18 U.S.C. § 924(e)(1), based on Williams's prior state felony convictions.

Williams now moves to vacate and correct his sentence pursuant to 18 U.S.C. § 2255, challenging the sentencing court's application of the ACCA enhancement. After concluding that Williams's three Virginia robbery convictions qualified as predicate "violent felonies" under § 924(e), the district court denied his motion. While Williams's appeal of that decision was pending, this Court held that Virginia common-law robbery is not a violent felony for purposes of § 924(e). *See United States v. White*, 24 F.4th 378, 382 (4th Cir. 2022). We conclude that *White* controls this case and precludes Williams's robbery convictions from qualifying as valid ACCA predicates. Accordingly, we vacate the district court's order denying Williams's § 2255 motion and remand for further proceedings.

## I.

### A.

In 2004, a federal grand jury indicted Williams for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and for possessing a firearm as an unlawful drug user in violation of § 922(g)(3). Following a trial, a jury convicted Williams of both counts. The jury also answered several special interrogatories in which it found that the Government had

proven beyond a reasonable doubt that Williams had deliberately and maliciously shot and killed a neighbor during the commission or attempted commission of a robbery.

At Williams's sentencing, the court applied the ACCA sentence enhancement after finding that Williams had at least "three previous convictions . . . for a violent felony . . ., committed on occasions different from one another." 18 U.S.C. § 924(e)(1).  In total, Williams had six prior convictions under Virginia law:  three for robbery (Va. Code § 18.2-58), and three for using or displaying a firearm while committing a felony (Va. Code § 18.2-53.1).  These convictions stemmed from three separate robberies Williams committed in 1977 and 1982.  While § 922(g) offenses normally carry a maximum sentence of ten years' imprisonment, the ACCA sentence enhancement mandates a prison term of at least fifteen years.  After merging Williams's two § 922(g) convictions and applying the ACCA enhancement and U.S. Sentencing Guidelines, the court sentenced Williams to life imprisonment.

On direct appeal, this Court affirmed Williams's conviction. *United States v. Williams*, 445 F.3d 724, 741 (4th Cir. 2006), *cert. denied*, 549 U.S. 933 (2006).  However, we vacated his sentence and remanded for resentencing because the trial court had sentenced Williams before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which established that the Sentencing Guidelines are advisory rather than mandatory. *Williams*, 445 F.3d at 741.  On remand, the court again sentenced Williams to life imprisonment, and we affirmed. *United States v. Williams*, 257 F. App'x 674, 678 (4th Cir. 2007).

B.

In April 2009, Williams filed his first motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.  The district court dismissed the motion, and we declined to

3

grant a certificate of appealability. *United States v. Williams*, 381 F. App'x 269, 269 (4th Cir. 2010).

On June 26, 2016, Williams sought and received authorization to file a second or successive § 2255 motion. In his second § 2255 motion, he argues that his life sentence should be vacated and corrected because he no longer qualifies as an armed career criminal after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court struck down the "residual clause" in § 924(e)—which set out one way a predicate offense could qualify as a violent felony—as unconstitutionally vague.[1] As a result of that decision, Williams's ACCA sentence enhancement is valid only if at least three of his Virginia convictions satisfy § 924(e)'s "elements clause."[2] That clause defines a "violent felony" as any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined "physical force" as "*violent* force—that is, force capable of causing physical pain

---

[1] Williams filed his second § 2255 motion within one year of the *Johnson* decision, which made the motion timely. *See* 28 U.S.C. § 2255(f)(3) (providing that a movant may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review"). The new rule the Supreme Court recognized in *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 135 (2016).

[2] Section 924(e) also enumerates four specific crimes that qualify as violent felonies: burglary, arson, extortion, and crimes involving the use of explosives. *See* 18 U.S.C. § 924(e)(2)(B)(ii). However, Williams's Virginia robbery and firearm convictions do not align with any of the enumerated offenses.

4

or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

After staying the proceedings pending further guidance from this Court and the Supreme Court, the district court dismissed Williams's § 2255 motion in May 2020. It held that *Johnson*'s invalidation of § 924(e)'s residual clause did not affect Williams's sentence because his three Virginia robbery convictions qualify as violent felonies under the elements clause. To reach that conclusion, the court largely relied on the Supreme Court's decision in *Stokeling v. United States*, which held that Florida common-law robbery is a violent felony because it requires a level of "force necessary to overcome a victim's resistance," which amounts to "physical force" under the elements clause. 139 S. Ct. 544, 555 (2019). Looking to Virginia case law, the district court concluded that Virginia common-law robbery, like Florida common-law robbery, "requires the use of force sufficient to overcome a victim's resistance." J.A. 116.

Most relevant to this appeal, the district court was unpersuaded by Williams's argument that Virginia common-law robbery does not require "physical force" because a person may commit the offense by threatening to accuse the victim of sodomy (the "sodomy-threat theory"). For support, Williams cited a few Virginia cases that appeared to recognize the sodomy-threat theory, the most recent of which was decided in 1938. However, the district court found those references to the theory insufficient to establish that Virginia common-law robbery could be committed without "physical force." The court emphasized that the discussions of the sodomy-threat theory were mere dicta in cases that did not actually involve prosecutions for sodomy-threat robbery, and the court was

5

"unaware of any Virginia case, let alone a recent case, in which a defendant has been prosecuted for robbery committed via a threatened charge of sodomy." J.A. 118–19. It also noted that the Virginia General Assembly had enacted a robbery statute in 1975 that appeared to exclude the sodomy-threat theory, which suggested that "that conduct is no longer considered a robbery crime." J.A. 119.

Based on this analysis, the district court upheld Williams's sentence enhancement without addressing whether his three convictions for violating Virginia's use-or-display-of-firearm statute also qualify as violent felonies. Williams timely appealed.

## C.

While Williams's appeal was pending, we decided *United States v. White*, which addressed whether Virginia common-law robbery qualifies as a violent felony under the ACCA.[3] Like Williams, the defendant in *White* argued that Virginia common-law robbery does not satisfy § 924(e)'s elements clause because a person can commit the offense "by threatening to accuse the [robbery] victim of having committed sodomy." *United States v. White*, 987 F.3d 340, 341–42 (4th Cir. 2021). The defendant called attention to the same decades-old Virginia precedents that endorsed the sodomy-threat theory. *Id.* at 344. After finding no controlling precedent on this issue, we certified the following question to the Virginia Supreme Court: "Under Virginia common law, can an individual be convicted of

---

[3] We had previously determined that Virginia common-law robbery did not qualify as a violent felony under § 924(e)'s elements clause because it "can be committed when a defendant uses only a 'slight' degree of force that need not harm a victim." *United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017). However, we have since recognized that our holding in *Winston* was abrogated by *Stokeling*. *See United States v. White*, 987 F.3d 340, 343 (4th Cir. 2021).

6

robbery by means of threatening to accuse the victim of having committed sodomy?" *Id.* at 341.

The Virginia Supreme Court answered our question in the affirmative, holding that a person can commit Virginia common-law robbery by means of a threatened sodomy accusation "if the accusation of 'sodomy' involves a crime against nature under extant criminal law." *White v. United States*, 863 S.E.2d 483, 483 (Va. 2021). Based on that answer, we held that Virginia common-law robbery does not qualify as a violent felony under the elements clause because it "can be committed without proving as an element the 'use, attempted use, or threatened use of physical force.'" *White*, 24 F.4th at 380 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

With that recent decision in mind, we granted Williams a certificate of appealability "on the issue of whether [he] no longer qualifies as an armed career criminal in light of [*White*]." Order, *United States v. Williams*, No. 20-7131 (4th Cir. Feb. 1, 2022), ECF No. 12.

II.

"We review de novo a district court's legal conclusions concerning a denial of § 2255 relief, including whether certain prior convictions qualify as violent felonies under the ACCA." *United States v. Dinkins*, 928 F.3d 349, 353 (4th Cir. 2019). When deciding whether an offense satisfies § 924(e)'s elements clause, we must follow the categorical approach, "focusing on the elements of the crime of conviction and not on the underlying facts." *Id.* at 354. Under that approach, all that matters is whether Williams *could have been convicted* of sodomy-threat robbery under Virginia law; if so, then his robbery

7

convictions did not necessarily require "physical force" and therefore do not satisfy the elements clause. To identify the elements of a state offense and the minimum conduct needed to prove them, we "look to state law" and "the interpretation of [the] offense articulated by that state's courts." *Id.* (quoting *United States v. Bell*, 901 F.3d 455, 469 (4th Cir. 2018)).

The Virginia Supreme Court's opinion in *White* made clear that Virginia common-law robbery does not satisfy § 924(e)'s elements clause because one method of committing the offense—robbery by threatened sodomy accusation—does not involve the "use, attempted use, or threatened use of physical force." However, the Government argues that *White* is not controlling because Williams was convicted and sentenced under a version of the Virginia robbery statute, Va. Code § 18.2-58, that clearly excluded the sodomy-threat theory. But Williams and the defendant in *White* were convicted under the same version of the robbery statute, which the Virginia Supreme Court addressed in its *White* opinion. Therefore, despite the Government's arguments to the contrary, the Virginia Supreme Court's conclusion in *White* applies with equal force here and precludes Williams's robbery convictions from satisfying the elements clause.

## A.

For each of his three robbery offenses, Williams was convicted and sentenced under Va. Code § 18.2-58. Importantly, this statute "prescribes the degrees of punishments for robbery, but not its elements." *White*, 863 S.E.2d at 484. Virginia courts "look[] to the common law definition for the offense." *Branch v. Commonwealth*, 300 S.E.2d 758, 759 (Va. 1983); *see also Durham v. Commonwealth*, 198 S.E.2d 603, 605 (Va. 1973) ("In

8

Virginia, . . . there is no statutory definition of robbery."). In Virginia, common-law robbery is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Durham*, 198 S.E.2d at 605 (quoting *Jones v. Commonwealth*, 1 S.E.2d 300, 301 (Va. 1939)).

We look to the version of § 18.2-58 that was in effect at the time of Williams's 1978 and 1982 convictions to determine whether those convictions satisfy § 924(e)'s elements clause. *See, e.g.*, *United States v. Alfaro*, 835 F.3d 470, 472–73 (4th Cir. 2016). That version read as follows:

> Robbery; how punished.—If any person commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm or by the threat of [sic][4] presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in the penitentiary for life or any term not less than five years.

Va. Code Ann. § 18.2-58 (1975).

Although § 18.2-58 does not define the elements of robbery, the Government contends that the 1975 version of the statute did not provide any means of punishing sodomy-threat robbery and therefore must have abrogated this common-law rule. *See* Va. Code Ann. § 18.2-16 (1975) ("A common-law offense, for which punishment is prescribed by statute, shall be punished only in the mode so prescribed."). To support its position, the Government points out that versions of the statute that preceded and followed the 1975 version included a catch-all clause designed to capture all possible forms of robbery, but

---

[4] In 1978, the General Assembly corrected this grammatical error (replacing "of" with "or"), but otherwise made no changes to the statute. *See* 1975 Va. Acts 1001.

9

the 1975 version did not. For instance, the 1960 version of the statute covered "robbery in any other mode."[5] Va. Code. Ann. § 18.1-91 (1960). Similarly, a 2021 amendment—which replaced the 1975 version—makes "[a]ny person who commits robbery by using threat or intimidation or any other means not involving a deadly weapon [] guilty of a Class 6 felony."[6] Va. Code Ann. § 18.2-58(B)(4) (2021). By contrast, the 1975 statute included no such catch-all clause. According to the Government, this shows that the 1975 statute excluded the sodomy-threat theory of robbery.

However, the Virginia Supreme Court's opinion in *White* forecloses this argument. To begin, the defendant in *White*, like Williams, was convicted of Virginia common-law robbery when the 1975 version of § 18.2-58 was in effect. *See White*, 987 F.3d at 341. Further, we highlighted the statutory issue in our opinion certifying the question to the Virginia Supreme Court. We noted that § 18.2-58, "when detailing various means of commission of the crime, does not mention robbery by threatening to accuse the victim of sodomy," but recognized that the statute was not necessarily "dispositive of the question presented, because we look to the common law for [the crime's] definition." *Id.* at 344 (internal quotation marks omitted).

---

[5] The General Assembly first removed the catch-all clause from the robbery statute in 1966. *Compare* 1960 Va. Acts 433 *with* 1966 Va. Acts 557. In 1975, the General Assembly made minor amendments to the statute but did not reintroduce a catch-all provision. *See* 1975 Va. Acts 1265.

[6] The 2021 amendment assigned different felony levels to robbery offenses based on the method of commission. *See* Va. Code Ann. § 18.2-58 (2021).

Most importantly, the Virginia Supreme Court addressed the possible effects of the statute when answering our certified question. In concluding that a defendant may be convicted of robbery under the sodomy-threat theory, the court clarified that "*the General Assembly has not abrogated the [sodomy-threat] doctrine.*" *White*, 863 S.E.2d at 492 (emphasis added). From this statement, we can infer that the court considered the 1975 version of the statute and determined that it did not modify the common-law rule.

To be sure, the Virginia Supreme Court did not analyze the specific text of § 18.2-58 in its opinion, instead focusing mostly on English common law and historical Virginia precedents. *See White*, 863 S.E.2d at 486–92. Ultimately, though, the Government cannot escape the court's express statement that the "General Assembly has not abrogated" the sodomy-threat theory. *Id.* at 492. The court's discussion of the statutory issue was cursory, but that does not make its conclusion any less clear.

## B.

In an attempt to convince us that *White* is not controlling, the Government contends that it was possible for the 1975 statute to eliminate the punishment for sodomy-threat robbery without actually abrogating the common-law rule. It points out that a different offense—suicide—"remains a common law crime in Virginia" even though "the General Assembly has rescinded the punishment" for that offense. *Wackwitz v. Roy*, 418 S.E.2d 861, 864 (Va. 1992). According to the Government, this demonstrates that the 1975 version of § 18.2-58 could have restricted the punishable forms of robbery even if the common-law definition of robbery remained unchanged. And, the Government asserts, it would violate both Virginia law and federal due process protections to convict and sentence

11

a defendant for sodomy-threat robbery when no statute prescribed any punishment for that form of the offense.

We find it hard to believe that the Virginia Supreme Court failed to consider this issue in *White*. For one, the issue was squarely presented to the court. We expressed our uncertainty about whether sodomy-threat robbery was punishable under § 18.2-58 when we certified the question, and the Government's briefing in the Virginia Supreme Court specifically argued that "there is no punishment for" sodomy-threat robbery under the 1975 version of the statute. Brief of United States, *White*, 863 S.E.2d 483, 2021 WL 8315270, at *32 (Va. May 21, 2021). Moreover, if the 1975 statute had made sodomy-threat robbery unpunishable, the Virginia Supreme Court would have addressed that issue in *White*, given that it very well could have been "determinative" to whether the defendant's robbery conviction qualified as a violent felony under § 924(e). *White*, 863 S.E.2d at 483. For these reasons, the plain import of the court's *White* opinion is that the 1975 statute did not remove the sodomy-threat theory from the punishable forms of robbery.[7]

Finally, as a last resort, the Government asks us to find that the Virginia Supreme Court interpreted Virginia common law incorrectly in *White*. But we must decline that

---

[7] The Government separately argues that we must treat § 18.2-58's penalty provisions as elements requiring proof beyond a reasonable doubt—and therefore as a divisible offense from the common-law rule—because the statute imposes a five-year mandatory minimum sentence. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). Because we read the Virginia Supreme Court's *White* opinion as concluding that sodomy-threat robbery remained punishable under the 1975 statute, we do not need to address this argument.

12

invitation, as we are bound by "the interpretation of the offense articulated by [Virginia] courts." *See Dinkins*, 928 F.3d at 354 (cleaned up).

*      *      *

In sum, the Virginia Supreme Court's opinion in *White* establishes that the version of § 18.2-58 in effect at the time of Williams's robbery convictions continued to cover sodomy-threat robbery. For this reason, Williams's robbery convictions did not categorically require "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and therefore do not constitute ACCA violent felonies.

## III.

Because the district court held that Williams's three Virginia robbery convictions qualified as violent felonies, it did not address whether his three convictions for violating Virginia's use-or-display-of-firearm statute also so qualified. If Williams's Virginia firearms convictions do satisfy § 924(e)'s elements clause, they would provide an independent basis for applying the ACCA sentence enhancement. We take no position as to the answer to that question and leave it for the district court to address in the first instance on remand.

## IV.

For the foregoing reasons, we vacate the district court's judgment denying Williams's § 2255 motion and remand for further proceedings.

*VACATED AND REMANDED*

13